IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RICHARD JEREMY VIAR, ) | |
|     Plaintiff, ) | Civil Action No. 7:21-cv-00150 |
| ) | |
| v. ) | |
| ) | By: Elizabeth Dillon |
| DEPARTMENT OF CORRECTIONS, *et al.*, ) | United States District Judge |
|     Defendants. ) | |

**MEMORANDUM OPINION**

Richard Jeremy Viar, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 naming two defendants: "Department of Corrections" and the "Commonwealth of Virginia." His complaint is not clear as to his precise claims, and he does not identify any particular constitutional right that he believes was violated, except that, in the margin of one page, he has written "cruel and unusual," which the court presumes is a reference to the Eighth Amendment. The case is before the court for screening pursuant to 28 U.S.C. § 1915A(a). Upon review, the court concludes that Viar's complaint fails to state a claim and so is subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1).

I.    BACKGROUND

Viar's allegations are, for the most, part, conclusory and lacking in detail. He alleges that information about him, including his mental health information, is being disclosed to other inmates by "letting all inmates and staff listen to him and threaten him." He states that unspecified persons have "exploited" him "sexually," and he references "children's info" and his "case history." He also states that he is asked questions "through experimental health technology that he" did not agree to and that unspecified persons are giving out his personal medical

information, which is believes is a HIPAA violation.[1]  (Compl. 2, 6, Dkt. No. 1.)  He also accuses unspecified persons of letting "gangs" take his medication and alleges that gangs are extorting him and threatening him with violence.  (*Id.* at 6.)  In addition to these fairly vague allegations, he alleges that an individual named Meadows and a counselor named Cordle supposedly denied him access to legal materials or the law library, telling him that HIPAA was "none of his business" and "not his concern."  (*Id.* at 6.)

For relief, he seeks $11.5 million and "criminal charges" against unspecified persons.  (*Id.* at 2.)[2]

## II.  DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted).  Liability under § 1983 is "personal, based upon each defendant's own constitutional violations."  *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted).  Thus, a § 1983 claim requires factual detail about each defendant's personal involvement.  *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown

---

[1]  Viar uses the acronym "HIPA," but the court presumes he means the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d *et seq.*

[2]  Attached to Viar's complaint are a number of informal requests and grievance documents, which the court has reviewed and considered.  Some of these offer some additional information about his general allegations, but they do not clarify what claims he intends to bring against whom.  The complaint's attachments also include letters from him addressed to the National Security Agency (NSA), the Department of Defense (DOD), and the U.S. Secret Service concerning alleged tactics to obtain "intel regarding sensitive/harmful things pertaining" to DOD, NSA, and the Federal Bureau of Investigation, as well as references to "Artificial Intelligence Ops."  (Dkt. No. 2-1 at 25–38.)  The letters list a number of individuals who he alleges are trying to "trick," him, manipulate him, and use "psych ops . . . to produce intel."  (*See, e.g.*, *id.* at 27–28.)  He subsequently filed a similar letter, docketed as "Additional Evidence," which is addressed to the "United States District Court Attorney" and states that he was questioned concerning the assigned magistrate judge in this case.  (Dkt. No. 7.)

that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).

Viar names two defendants—the Virginia Department of Corrections and the Commonwealth of Virginia—but neither is a proper defendant to a § 1983 action. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[Neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). An attachment to his complaint lists more than fifty other individuals, but he says they are persons "to be included in the investigation of these matters." (Dkt. No. 1 at 3–5.)[3] He does not list any of those persons as defendants, nor does he identify any specific conduct by them that he believes violated his constitutional rights. Indeed, the only specific conduct he alleges by any individuals in his complaint is the alleged denial of access to legal materials or the law library by Meadows and Cordle.

Even if Viar had named a proper defendant, however, the facts he has alleged fail to state a violation of his constitutional rights. As to any Eighth Amendment claim, he does not allege that any individual has physically harmed or attacked him, aside from referencing "exploitation." Thus, he does not appear to be asserting an excessive force claim. And it is unclear to the court whether he is alleging that persons within the VDOC or his health care providers have failed to protect him from the "gangs" and, if so, what he alleges they did or

---

[3] To the extent Viar is requesting an "investigation" by law enforcement or by the court, this lawsuit is not the proper avenue for seeking such an investigation for at least two reasons. First, the court does not conduct criminal investigations; it adjudicates claims based on information presented by the parties. Second, he has no constitutional right to insist upon an investigation or criminal prosecution. *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution.") (citation omitted). In fact, a citizen does not have any judicially cognizable interest in the prosecution or non-prosecution of another person. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Diamond v. Charles*, 476 U.S. 54, 64–65 (1986) (applying *Linda R.S.* and collecting cases).

3

failed to do to protect him. To succeed on a failure-to-protect claim, moreover, he must establish that he faces a "a substantial risk of serious harm." *Makdessi v. Fields*, 789 F.3d 126, 133 (4th Cir. 2015). His complaint does not identify with any particularity any such harm that he faces. Thus, he fails to state an Eighth Amendment claim for which relief can be granted

Likewise, to the extent Viar's complaints regarding his access to the law library or HIPAA materials are intended to assert a First Amendment claim alleging interference with his access to the courts, he fails to allege facts sufficient to state such a claim. *See Lewis v. Casey*, 518 U.S. 343, 351–53 (1996) (discussing the right generally). The right of access to the court "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Thus, in order to state a constitutional claim of denial of access to the courts, a plaintiff must allege facts showing that the challenged action has actually "hindered his efforts to pursue" a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351. Specifically, the plaintiff must identify in his complaint a "nonfrivolous," "arguable" legal claim, along with the potential remedy that claim sought to recover, that was lost as a result of the defendant's alleged interference with the plaintiff's right of access. *Christopher*, 536 U.S. at 415–16 (quoting *Casey*, 518 U.S. at 353). Put differently, the cause of action in the underlying action, "whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Id.* at 415.

Viar's allegations that he was denied legal materials or law library access on one or two occasions fall far short of the pleading requirements for such a claim. Moreover, even if he was deprived of the ability to bring a HIPAA claim, such a claim would be frivolous. *See Estes v. Sw. Va. Reg'l Jail Authorities-Duffield Virginia*, No. 7:19CV00400, 2020 WL 515878, at *1 (W.D. Va. Jan. 31, 2020) (holding that HIPAA did not create a private right of action and

collecting authority). Accordingly, any First Amendment claim alleging interference with his access to courts must be dismissed for failure to state a claim.

### III. CONCLUSION

For the above reasons, Viar's complaint in its current form is subject to dismissal. In consideration of Viar's status as a *pro se* litigant, however, the court will give him an opportunity to amend his complaint, if he believes he can correct the deficiencies noted in this opinion. If he elects to amend, he shall do so within thirty days after entry of the accompanying order. Any amended complaint must name a proper defendant or defendants and state specifically what each defendant allegedly did to violate Viar's constitutional rights. Any amended complaint that Viar files must be a new pleading that stands by itself without reference to a complaint, attachments, or other documents already filed. Viar's filings to date will not be treated as part of his complaint by the court and should not be incorporated by reference by him in any amended complaint.

An appropriate order will be entered.

Entered: April 15, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge